IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHOICE HOSPICE, INC., ET AL., | § § § § | |
| Plaintiffs, | | |
| V. | § § § | No. 3:23-mc-27-M-BN |
| AXXESS TECHNOLOGY SOLUTIONS, INC., | § § § § | |
| Defendants, | § § | |
| INTERIM HEALTHCARE INC., HYGIA HEALTHCARE, LLC; AVIATOR HOME HEALTH LLC; WELLS FARGO BANK, N.A.; RESTORING FUNCTION HHC, L.L.C.; INTERIM HEALTHCARE OF WEST TEXAS, LLC; INTERIM HEALTHCARE NORTHCENTRAL TEXAS, LLC; and TEXAS CAPITAL BANK, | § § § § § § § § § § § § § | |
| Garnishees. | § | |

**MEMORANDUM OPINION AND ORDER AND NOTICE OF DEFICIENCY REGARDING SUBJECT MATTER JURISICTION**

Plaintiffs Choice Hospice, Inc., d/b/a Complete Hospice Care of Oklahoma City; Family Choice Hospice, LLC d/b/a Complete Hospice Care; Three Rivers Consulting & Management, LLC d/b/a Complete Hospice Care of Eastern Oklahoma; and Neighborhood Hospice, LLC d/b/a Complete Hospice Care of Southern Oklahoma (collectively, "Choice") filed this miscellaneous action by registering in this district, under 28 U.S.C. § 1963, a judgment entered by the United States District Court for the Western District of Oklahoma in *Choice Hospice, Inc., et al. v. Axxess Technology*

*Solutions, Inc.*, No. CIV-22-932-J (W.D. Okla.). *See* Dkt. No. 1.

Choice then filed several Applications for Writ of Garnishment, seeking writs of garnishment to be served on Interim Healthcare Inc.; Hygia Healthcare, LLC; Aviator Home Health LLC; Wells Fargo Bank, N.A.; and Restoring Function HHC, L.L.C. as garnishees. *See* Dkt. Nos. 4, 5, 6, 7, & 8.

After the Clerk of the Court issued the requested writs, *see* Dkt. No. 9, and Choice filed a Motion to Dismiss Writ of Garnishment Against Garnishee Interim Healthcare Inc. Only and Without Prejudice, *see* Dkt. No. 10, Choice filed additional Applications for Writ of Garnishment seeking writs of garnishment to be served on Interim Healthcare North Central Texas, LLC and Interim Healthcare of West Texas, LLC as garnishees, *see* Dkt. Nos. 11 & 12, which the Clerk of the Court then issued, *see* Dkt. No. 13.

After several garnishees responded to the writ issued on them, *see* Dkt. Nos. 14, 15, & 24, and Choice filed additional motions to dismiss some of the writs of garnishment without prejudice, *see* Dkt. Nos. 16, 17, & 18, Choice filed another Application for Writ of Garnishment directed to Texas Capital Bank as garnishee, *see* Dkt. No. 25, which the Clerk of the Court then issued, *see* Dkt. No. 26.

Defendant (and judgment debtor) Axxess Technology Solutions, Inc. has now filed an Emergency Motion to Modify Writ of Garnishment to Texas Capital Bank, *see* Dkt. No. 29, to which Choice responded and objected, *see* Dkt. No. 33, and as to which Axxess has filed a reply, *see* Dkt. No. 34.

When reviewing the parties' briefing to address this motion, the Court became

concerned that there are issues with the procedural footing of and subject-matter jurisdiction over this action. No "party has raised jurisdictional issues, but [the Court is] obligated to raise the matter sua sponte, certainly when jurisdiction appears questionable." *In re Stonebridge Techs., Inc.*, 430 F.3d 260, 265 (5th Cir. 2005) (cleaned up).

Choice instituted this miscellaneous action by registering another federal district court's judgment under 28 U.S.C. § 1963, which provides that

> [a] judgment in an action for the recovery of money or property entered in any … district court … may be registered by filing a certified copy of the judgment in any other district …, when the judgment has become final by appeal or expiration of the time for appeal…. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

Section 1963 "provides for the registration of one federal district court's money judgment in another federal district court as the precursor to enforcement of the original judgment in the latter court." *Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc.*, 252 F.3d 399, 404 (5th Cir. 2001) (cleaned up). Under Section 1963, "when a money judgment rendered in one federal district court is registered in another federal district court at a time when the original judgment is still enforceable under the laws of both states, registration truly is the equivalent of a new judgment of the registration court for purposes of enforcement in the registration district." *Id.* at 405 (cleaned up).

"Therefore, under the plain language of [28 U.S.C.] § 1963, [Choice's] registration of the [Oklahoma federal district court's] final judgment in the Northern District of Texas is treated as a final judgment of the Northern District of Texas."

*Cadle Co. v. Neubauer*, 562 F.3d 369, 372 (5th Cir. 2009). And, so, "once the [Oklahoma] judgment was registered in [the Northern District of Texas], the [Northern District of Texas] registered judgment had the same effect as any judgment rendered in the Northern District of [Texas] and could be enforced as a judgment rendered in the Northern District of" Texas. *Del Prado v. B. N. Dev. Co.*, 602 F.3d 660, 665 (5th Cir. 2010) (cleaned up).

But, under governing Fifth Circuit law, garnishment actions that Federal Rule of Civil Procedure 69(a) authorizes a party to bring to enforce a judgment entered in this case require a separate proceeding from the action in which the judgment is entered and require the plaintiff and judgment creditor to establish an independent basis for subject matter jurisdiction.

As another judge in this district has explained,

> Federal Rule of Civil Procedure 69(a)(1) provides:
>> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> FED. R. CIV. P. 69(a)(1). Thus, Rule 69(a)(1) expressly directs the court to look to state law when enforcing a money judgment.
>
> As this court sits in Texas, resolution of the pending motions requires the court to apply Texas law on garnishment to decide the pending motions. Garnishment actions in Texas are purely statutory and courts have no power to extend the benefits of garnishment beyond the relief available under statute.
>
> Garnishment is one means of collecting on a judgment. It is a statutory remedy available to a judgment debtor against a third party who is in possession of the judgment debtor's nonexempt personal property. A postjudgment garnishment proceeding is a *quasi in rem* action brought by a judgment creditor (the garnishor) against another party (the garnishee) who holds property or funds belonging to the

> judgment debtor. In the garnishment action, the garnishor seeks to have the property or funds held by the garnishee applied toward payment of the underlying judgment against the debtor. Because garnishment was unknown at common law and is purely a creature of statute, the Texas Supreme Court has held that garnishment proceedings cannot be sustained unless they are in strict conformity with statutory requirements. This is because the remedy of garnishment is summary and harsh.
> 
> The Texas Supreme Court has identified "three parties" to a garnishment action: (1) a creditor (the garnishor), (2) a debtor (also referred to as "the defendant"), and (3) a third person who possesses the debtor's funds or owes money to the debtor (the garnishee). Thus, while the judgment debtor (the defendant) is not a necessary party to the proceeding, he is nevertheless a party to the proceeding who has rights in the process. In addition to the right to receive notice of the writ of garnishment, the debtor has standing to replevy or to file a motion seeking to have the writ of garnishment vacated, dissolved, or modified.

*Billiouri v. Wells Fargo Bank, N.A.*, No. 3:15-cv-2664-L, 2022 WL 2992880, at *2-*3 (N.D. Tex. July 28, 2022) (cleaned up).

And "Rule 69 and 28 U.S.C. § 1963 contemplate that [a plaintiff] could register the district court's final judgment in another federal district court and initiate collection proceedings there, which is precisely what happened in this case." *Hoffart v. Wiggins*, 577 F. App'x 384, 387 (5th Cir. 2014).

But, as this Court has previously explained,

> the United States Court of Appeals for the Fifth Circuit has held that a garnishment action seeking enforcement against third parties who were strangers to the underlying judgment requires the institution of a new proceeding, separate from the primary action that established the judgment debt. *See Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir. 1986). "The writ of garnishment, under the clear precedent of [the Fifth Circuit], is an action separate and independent from the action giving rise to the judgment debt." *Id.*
> 
> And the Fifth Circuit has further held that this Court does not have "ancillary jurisdiction" over any garnishment proceeding, even though the garnishment is sought to satisfy the earlier judgment entered in the same case. *See id.* As the Court of Appeals explained in

> later following its *Berry* decision in a bankruptcy matter,
>> [*Berry*] dealt with a money judgment previously rendered by the same court in which the judgment creditor was seeking to garnish the judgment debtor's former employer. Moreover, the court in question was a federal district court and thus a court of broader jurisdiction than a bankruptcy court. As in the instant case, the judicial proceeding in which the money judgment was rendered had been completed and was inactive, and the third party against whom the garnishment was sought in the second proceeding had not been a party to the first.
>
> *In re Bass*, 171 F.3d 1016, 1024 (5th Cir. 1999). The Fifth Circuit "held in *Berry* that the district court lacked jurisdiction to entertain the garnishment." *Id.*
>
> This Court is bound by Fifth Circuit precedent to conclude that Plaintiff's writ of garnishment is necessarily an action separate and independent from this action giving rise to the judgment debt and that this Court lacks jurisdiction in this closed action to entertain Plaintiff's attempted garnishment of Bank of America, N.A. as Defendants' bank or, for that matter, Bank of America, N.A.'s request to recover its attorneys' fees and costs. The same basic facts are in play here, where, as in *Berry*, Bank of America, N.A. was a stranger to the underlying FLSA suit and judgment, "the alleged obligations of [Bank of America, N.A.] are completely independent of the primary judgment against" Defendants for FLSA violations, and this case in which the underlying money judgment was rendered had been completed and was inactive at the time that Plaintiff sought the writs of garnishment. *Berry*, 795 F.2d at 455.
>
> The holding and reasoning of *Berry* require the Court to conclude that Plaintiff must initiate a new, separate action for any writ of garnishment on Bank of America, N.A. If that action is to be filed in the United States District Court for the Northern District of Texas, Plaintiff must establish an independent basis for federal subject-matter jurisdiction over the state-law-based garnishment proceeding, such as diversity jurisdiction under 28 U.S.C. § 1332. *See id.* at 456.

*Denton v. Suter*, No. 3:11-cv-2559-N, 2015 WL 510969, at *2 (N.D. Tex. Feb. 6, 2015) (cleaned up).

Choice's Applications for Writ of Garnishment assert that "[t]his Court has jurisdiction over this matter pursuant to Fed. R. Civ. P. 69(a)" and that "[v]enue is

proper in this Court in that this is an ancillary proceeding to the original proceeding styled *Choice Hospice, Inc., et al., v. Axxess Technology Solutions, Inc.*, United States District Court, Northern District of Texas, Dallas Division; Civil Action No. 3:23-mc-00027-M." Dkt No. 4 at 1-2; Dkt. No. 5 at 1-2; Dkt. No. 6 at 1-2; Dkt. No. 7 at 1-2; Dkt. No. 8 at 1-2; Dkt. No. 11 at 1-2; Dkt. No. 12 at 1-2; Dkt. No. 25 at 1-2.

But, as explained above, the Fifth Circuit has rejected a suggestion that a court can exercise ancillary jurisdiction in the action in which the judgment is entered – regardless of the jurisdictional basis for that original action – to proceed with garnishment proceedings under Rule 69(a) and, as incorporated by that rule, Texas law. *See Bass*, 171 F.3d at 1024-25; *Berry*, 795 F.2d at 455.

And "[t]he incorporation of state law procedures through Rule 69(a) of the Federal Rules of Civil Procedure is not sufficient to create federal question jurisdiction. While Rule 69(a) permits the use of state procedures to enforce federal judgments, it does not create or expand federal subject matter jurisdiction." *Cunningham v. Richeson Restaurants, Inc.*, No. 3:05-cv-1114-B, 2006 WL 8437520, at *5 n.2 (N.D. Tex. Aug. 15, 2006) (citing FED. R. CIV. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts.")); *U.S.I. Properties Corp. v. M.D. Const. Co.*, 230 F.3d 489, 498 n.8 (1st Cir. 2000) ("The fact that Rule 69(a) may (by way of state law) afford procedural mechanisms for enforcing an existing federal judgment against a third party not otherwise liable does not obviate the need to establish the jurisdiction of the federal court over the supplemental proceeding. The Federal Rules of Civil Procedure can neither expand

nor limit the jurisdiction of the federal courts, Fed. R. Civ. P. 82, and the issue of jurisdiction remains distinct from the question of procedure."); *accord Escribano v. Travis Cnty., Texas*, 947 F.3d 265, 271-72 (5th Cir. 2020) (noting the United States Supreme Court's reasoning in other cases that "[i]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction" (cleaned up)). *CP Judgment, LLC v. W. Sec. (USA) Ltd.*, No. 3:14-cv-3664-L, 2015 WL 12731722, at *3 (N.D. Tex. Sept. 30, 2015) ("Contrary to what Plaintiff intimates, Rule 69 is not a source of statutory or constitutional authority for a federal court to exercise jurisdiction in a separate action and enter a new judgment; and Plaintiff cites no authority that holds Rule 69 confers subject matter jurisdiction on a federal court. A civil action does not arise under Rule 69.").

Subject matter jurisdiction over Choice's garnishment action also cannot lie under 28 U.S.C. § 1331 "because an action for a writ of garnishment arises from state law, not federal law." *Berry*, 795 F.2d at 456.

Courts have found subject matter jurisdiction over garnishment actions under 28 U.S.C. § 1332, but the amount-in-controversy requirement must be satisfied based on the garnishment action and the plaintiff's citizenship must be diverse from the defendant (judgment debtor) and from every garnishee joined in the action. *See Berry*, 795 F.2d at 456; *see Mitchell v. Bailey*, 982 F.3d 937, 942 (5th Cir. 2020), *as revised* (Dec. 30, 2020). And, in contrast to the circumstances that confronted the Fifth Circuit in *Berry*, Choice has brought its applications for writs of garnishment against eight garnishees in this single, combined action, and, so, to prove complete diversity,

Choice's citizenship must be diverse from the citizenship of Axxess and of every garnishee. *See Berry*, 795 F.2d at 456.

"[T]he party asserting federal subject-matter jurisdiction[ ] has the burden of proving that jurisdiction is present." *Apter v. Dep't of Health & Hum. Servs.*, 80 F.4th 579, 587 (5th Cir. 2023) (cleaned up). But Choice has not alleged the bases for diversity jurisdiction under Section 1332(a) or the amount-in-controversy on its applications for writs of garnishment or "distinctly and affirmatively allege[d] the citizenship of the parties." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020) (cleaned up). "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Id.* (cleaned up).

By **February 20, 2024**, Plaintiffs Choice Hospice, Inc., d/b/a Complete Hospice Care of Oklahoma City; Family Choice Hospice, LLC d/b/a Complete Hospice Care; Three Rivers Consulting & Management, LLC d/b/a Complete Hospice Care of Eastern Oklahoma; and Neighborhood Hospice, LLC d/b/a Complete Hospice Care of Southern Oklahoma must file a response to this order and notice of deficiency addressing:

(1) Whether the Court may properly entertain with any garnishment proceedings in this miscellaneous action opened to register the Oklahoma judgment as a judgment of this Court through 28 U.S.C. § 1963 or, rather, must dissolve the writs of garnishment issued in this action by the Clerk of the Court, *see Denton*, 2015 WL 510969, at *3; and

(2) Whether, even if proceeding with garnishment matter in this miscellaneous

action is otherwise procedurally proper or permissible under Fifth Circuit law, the Court has subject matter jurisdiction over the garnishment applications, under 28 U.S.C. § 1332(a) or otherwise.

The Court cannot and will not take any further action on Choice's and Axxess's pending motions until these matters are resolved.

SO ORDERED.

DATED: February 13, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE