IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHOICE HOSPICE, INC., ET AL., | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:23-mc-27-M-BN |
| AXXESS TECHNOLOGY SOLUTIONS, INC., | § § § § | |
| Defendants, | § § | |
| INTERIM HEALTHCARE INC., HYGIA HEALTHCARE, LLC; AVIATOR HOME HEALTH LLC; WELLS FARGO BANK, N.A.; RESTORING FUNCTION HHC, L.L.C.; INTERIM HEALTHCARE OF WEST TEXAS, LLC; INTERIM HEALTHCARE NORTHCENTRAL TEXAS, LLC; and TEXAS CAPITAL BANK, | § § § § § § § § § § § § | |
| Garnishees. | § | |

**MEMORANDUM OPINION AND ORDER AND SECOND NOTICE OF DEFICIENCY REGARDING SUBJECT MATTER JURISICTION**[1]

Plaintiffs Choice Hospice, Inc., d/b/a Complete Hospice Care of Oklahoma City; Family Choice Hospice, LLC d/b/a Complete Hospice Care; Three Rivers Consulting & Management, LLC d/b/a Complete Hospice Care of Eastern Oklahoma; and

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Neighborhood Hospice, LLC d/b/a Complete Hospice Care of Southern Oklahoma (collectively, "Plaintiffs" or "Choice") filed this miscellaneous action by registering in this district, under 28 U.S.C. § 1963, a judgment entered by the United States District Court for the Western District of Oklahoma in *Choice Hospice, Inc., et al. v. Axxess Technology Solutions, Inc.*, No. CIV-22-932-J (W.D. Okla.). *See* Dkt. No. 1.

Choice then filed several Applications for Writ of Garnishment, seeking writs of garnishment to be served on Interim Healthcare Inc.; Hygia Healthcare, LLC; Aviator Home Health LLC; Wells Fargo Bank, N.A.; Restoring Function HHC, L.L.C.; Interim Healthcare North Central Texas, LLC; Interim Healthcare of West Texas, LLC; and Texas Capital Bank as garnishees. *See* Dkt. Nos. 4, 5, 6, 7, 8, 11, 12, & 25.

In response to the Court's Memorandum Opinion and Order and Notice of Deficiency Regarding Subject Matter Jurisdiction [Dkt. No. 38], Choice states that "[t]he Court has subject matter jurisdiction over the garnishment applications based on diversity jurisdiction [under] 28 U.S.C. § 1332(a) because Plaintiffs are citizens of Oklahoma and all defendants are citizens of Texas or states other than Oklahoma." Dkt. No. 42 at 1.

And Choice contends that "[t]he Writs of Garnishment are properly before this Court pursuant to [Federal Rule of Civil Procedure] 69(a)" and that "[t]his proceeding is separate from the preliminary action in the Western District of Oklahoma where the Judgment was entered" and "is distinguishable from cases that found there was no basis for subject matter jurisdiction and that discussed, in dicta, filing garnishment pleadings separately." *Id.* at 1-2. Choice asserts that, "even if a separate

proceeding were required to enforce a judgment, this proceeding is a separate proceeding from the preliminary litigation that took place in the Western District of Oklahoma and that gave rise to the judgment debt at issue." *Id*. at 8.

Choice also asserts that, "[i]n light of Axxess's repeated attempts to prevent enforcement of the judgment or bully the Plaintiffs into vacating the judgment and Axxess's refusal to respond to post-judgment discovery, it would be highly burdensome on Plaintiffs for the Writs of Garnishment to be dissolved at this time, without enough notice to allow Plaintiffs to ensure issuance and service of new writs of garnishment. Regardless, in an abundance of caution, Plaintiffs reserve their right to seek new writs to protect their interests in case the writs at issue are dissolved." *Id.*

But the Court notes that Choice has already done so in new and separate proceedings in this district as to, as garnishees, Wells Fargo Bank, N.A. and Texas Capital Bank. *See Choice Hospice, Inc., et al. v. Axxess Technology Solutions, Inc.*, No. 3:24-cv-385-D (N.D. Tex., filed Feb. 16, 2024) (writ of garnishment issued to be served on Texas Capital Bank); *Choice Hospice, Inc., et al. v. Axxess Technology Solutions, Inc.*, No. 3:24-cv-397-K (N.D. Tex., filed Feb. 20, 2024) (writ of garnishment issued to be served on Wells Fargo Bank, N.A.).

As to the complete diversity requirement in this miscellaneous action (No. 3:23-mc-27-M-BN), Choice alleges that:

- "Plaintiffs are citizens of Oklahoma" because the "LLC plaintiffs' sole owners are citizens of Oklahoma and the Corporation is incorporated in

Oklahoma and has its principal place of business in Oklahoma";

- "Texas Capital Bank is not a citizen of Oklahoma and is a national association with its principal place of business and headquarters at 2000 McKinney Ave, Suite 700, Dallas, Texas, 75201";

- "Wells Fargo Bank, NA is not a citizen of Oklahoma" and "is a national association with its headquarters in Sioux Falls, South Dakota, who can be served by and through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218," but, "[i]n the alternative, should the Court find that Well Fargo, NA's citizenship is based on the citizenship of its trust members, Plaintiffs state, upon information and belief, that none of the trust members are citizens of Oklahoma for purposes of diversity" but "reserve the right to conduct discovery as needed to confirm citizenship of Wells Fargo NA";

- "Upon information and belief, Interim Healthcare North Central Texas LLC operates in Texas and is composed of members who are citizens of Texas";

- "Upon information and belief, Interim Healthcare Inc is a Florida corporation with its principal office in either Sunrise, Florida";

- "Upon information and belief, Hygia Health Care, LLC operates in Texas and is composed of members who are citizens of Texas";

- "Upon information and belief, Restoring Function HHC, LLC operates

   in Texas and is composed of members who are citizens of Texas";

- "Upon information and belief, Aviator Home Health, LLC operates in Texas and is composed of members who are citizens of Texas"; and

- "Axxess Technology Solutions is a citizen of Texas, incorporated in Texas and with its principal place of business in Texas."

Dkt. No. 42 at 2-3.

  Choice attaches exhibits to support each of these allegations, but its supporting affidavit or declaration provides additional information only as to Plaintiffs' citizenship: "I [Lola Edwards] am the sole member of Family Choice Hospice, LLC and Neighborhood Hospice, LLC[; ] Cleoland Edwards is the sole member of Three Rivers Consulting & Management, LLC[; ] Choice Hospice Inc. is incorporated in Oklahoma and its principal place of business in Oklahoma[; ] I am a citizen of Oklahoma and have lived in Oklahoma for more than ten years[; and] Cleoland Edwards is a citizen of Oklahoma and has lived in Oklahoma for more than ten years." Dkt. No. 42-1 at 1-2.

  The Court may accept that a party can properly allege another party's (but not its own) citizenship on information and belief under appropriate circumstances. *See Allen v. Lane Bryant, Inc.*, No. CV 3:23-CV-00372, 2024 WL 384938, at *1-*2 (S.D. Tex. Feb. 1, 2024); *Canadian Breaks, LLC v. JPMorgan Chase Bank, N.A.*, No. 2:21-cv-37-M-BR, 2021 WL 4897554, at *4-*8 (N.D. Tex. Sept. 14, 2021), *rep. & rec. adopted*, 2021 WL 4893606 (N.D. Tex. Oct. 20, 2021).

  But Choice did not address the requirement that the amount-in-controversy

requirement must be satisfied, *see Mitchell v. Bailey*, 982 F.3d 937, 942 (5th Cir. 2020), *as revised* (Dec. 30, 2020), and still has not alleged the amount-in-controversy that would provide diversity jurisdiction over its applications for writs of garnishment.

And, for the same reasons that the presiding judge in one of Choice's new actions has explained as to that new action seeking a new writ of garnishment to be served on Wells Fargo Bank, N.A., Choice has still failed to plead the citizenship of several parties in this action as the governing law requires:

> "When jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'" *Id.* at 1259. ….
>
> The remaining three Plaintiffs are limited liability companies-- Family Hospice, LLC d/b/a Complete Hospice Care, Three Rivers Consulting & Management, LLC d/b/a Complete Hospice Care of Eastern Oklahoma, and Neighborhood Hospice, LLC d/b/a Complete Hospice Care of Southern Oklahoma (together, the "Choice LLCs"). The citizenship of a limited liability company ("LLC") is determined by the citizenship of each of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990); *see also V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (court must also know citizenship of each "sub-member"). …. The allegations of an LLC's citizenship must include <u>each member's *identity and citizenship*</u>. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017); *Hise Real Estate Invs., LP v. Great Lakes Ins. SE*, 2021 WL 217264, at \*2 (E.D. Jan. 21, 2021); *Linder Enters. v. Martinringle, Inc.*, Civ. Action No. 3:07-CV-1733-G, 2007 WL 3095382, at \*1 (Oct. 22, 2007)(Fish, C.J.) (ordering plaintiff to specifically allege "the names and citizenship of all the members/owners of the defendant Jenterra [LLC]."). Further, an allegation that "all members" are citizens of a particular State is insufficient and fails to "distinctly and affirmatively" allege the citizenship of an LLC. *See Getty Oil*, 841 F.2d at 1259. For all three Choice LLCs, Plaintiffs must identify each member and their citizenship, through every layer. The Court reminds Plaintiffs that, if any Choice LLC member is a natural person, "citizenship and residence, as often declared by this court, are not synonymous terms." *Robertson v. Cease*, 97 U.S. 646, 648 (1878). "For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to

> make the place of residency one's permanent home." *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (citing *Gilbert v. David*, 235 U.S. 561, 568-69 (1915)); *accord Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) ("Domicile requires the demonstration of two factors: residence and the intention to remain.").
>
> As for Defendant Wells Fargo Bank, N.A. ("Defendant") which appears to be a national banking association, Defendant is a citizen, for diversity purposes, of "the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Plaintiffs allege Defendant's "headquarters" are in Sioux Falls, South Dakota. Doc. No. 1 at 2. Plaintiffs must specify in their allegations the State *designated in Defendant's articles of association* as its main office. The Court will not assume that Defendant's articles of association designated South Dakota as its main office.
>
> For these reasons, the Court cannot determine at this time whether diversity jurisdiction exists, which is the sole basis for the Court's subject matter jurisdiction. [S]*ee also Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

*Choice Hospice, Inc., et al. v. Axxess Technology Solutions, Inc.*, No. 3:24-cv-397-K, Dkt. No. 7 (N.D. Tex. Feb. 21, 2024).

Choice has done more to identify each of the Choice LLCs' members' identities and citizenship in this case through the Affidavit of Lola Edwards. But the same deficiencies that the presiding judge in Case No. 3:24-cv-397-K identified as to the Choice LLCs apply to Choice's allegations (if any) as to garnishees Hygia Healthcare, LLC; Aviator Home Health LLC; Restoring Function HHC, L.L.C.; Interim Healthcare North Central Texas, LLC; and Interim Healthcare of West Texas, LLC in this case. Alleging the state law under which a LLC is formed may also be required information because a state law governing the LLC's formation and organization may permit non-owner members whose citizenship must also be considered. *See SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023).

And Choice's response does not address Interim Healthcare of West Texas, LLC specifically at all, *see* Dkt. No. 42 – but, because Choice has brought its applications for writs of garnishment against eight garnishees in this single, combined action, to prove complete diversity, Choice's citizenship must be diverse from the citizenship of Axxess and of every garnishee, *see Berry*, 795 F.2d at 456.

Choice alleges that "Interim Healthcare Inc is a Florida corporation with its principal office in either Sunrise, Florida." Dkt. No. 42 at 2. But the word "either" there may signal either that this extra word was inadvertently included or that critical information was omitted.

And, for diversity purposes, a corporation is a citizen "of any State by which it has been incorporated and the State where it has its principal place of business." 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010) (holding that a corporation's principal place of business is its "nerve center," meaning "the place where a corporation's officers direct, control, and coordinate the corporation's activities"). Choice alleges Interim Healthcare Inc.'s "principal office" but not its "principal place of business," as Section 1332(c) requires – and "[t]hese terms are not interchangeable, and the fact that a business maintains a principal office in a state does not mean that its principal place of business is located there." *Marshall v. Vicksburg Healthcare, LLC*, No. 5:11-CV-00121-DCB, 2011 WL 4916496, at *2 (S.D. Miss. Oct. 17, 2011); *accord Balachander v. AET Inc. Ltd.*, No. CIV.A. H-10-4805, 2011 WL 4500048, at *9 (S.D. Tex. Sept. 27, 2011).

And, as to Texas Capital Bank, Choice has alleged its principal place of

business and headquarters, but "a national bank … is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). That is distinct from a "principal place of business" even though the distinction, while critical for purpose of sufficient jurisdictional allegations, "may be of scant practical significance [where], in almost every case …, the location of a national bank's main office and of its principal place of business coincide." *Id.* at 317 n.9.

By **Monday, March 3, 2024**, Plaintiffs Choice Hospice, Inc., d/b/a Complete Hospice Care of Oklahoma City; Family Choice Hospice, LLC d/b/a Complete Hospice Care; Three Rivers Consulting & Management, LLC d/b/a Complete Hospice Care of Eastern Oklahoma; and Neighborhood Hospice, LLC d/b/a Complete Hospice Care of Southern Oklahoma must file a supplemental response addressing these deficiencies in Choice's allegations that the Court has subject matter jurisdiction over this action and the garnishment applications brought within it under 28 U.S.C. § 1332(a).

And, as the Court has already warned, "[f]ailure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020) (cleaned up).

SO ORDERED.

DATED: February 23, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE